RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

*Of Counsel:*
BILLY J. WILLIAMS
United States Attorney

*Attorneys for the United States of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | |
| v. | **UNITED STATES' COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS** |
| STEPHEN L. CHAPMAN; JEANNETTE A. FRY; JACKSON COUNTY | |
| Defendants. | |

The United States of America (the "United States"), by and through its undersigned

counsel, hereby complains and alleges as follows:

## INTRODUCTION

1.     This is a civil action brought by the United States to: (1) reduce to judgment the

outstanding federal income tax assessments against Defendant Stephen L. Chapman; and (2)

foreclose federal tax liens on certain real property located in Jackson County, Oregon, described more completely below and referred to as the "Subject Property."

## JURISDICTION AND VENUE

2.    This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and at the request, and with the authorization of, the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4.    Venue is proper in the District of Oregon in accordance with 28 U.S.C. §§ 1391(b) and 1396 because Defendant Stephen L. Chapman resides in this judicial district and has filed his tax returns in this judicial district, and because the real property on which the United States seeks to foreclose is located within this judicial district.

5.    Because the real property that is the subject of this Complaint is located in Jackson County, pursuant to LR 3-2(a), this action should be assigned to the Medford Division.

## DEFENDANTS

6.    Defendant Stephen L. Chapman is made a party to this action because he resides within this judicial district, because he has unpaid federal income tax liabilities, and because the United States has tax liens against his property, including the Subject Property.

7.    Defendant Jeannette A. Fry is made a party to this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Subject Property.

8.    Defendant Jackson County is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## THE SUBJECT PROPERTY

9.      The property sought to be foreclosed in this action is commonly referred to as

2210 Temple Drive, Medford, OR 97504 ("Subject Property"), and legally described as:

> Lot 17, Block 6, Northgate Subdivision Unit No. 2, in the City of Medford,
> Jackson County, Oregon.
> Parcel No. 1-031578-4

10.      On or about September 17, 1973, Richard Dale Chapman and Jeannette A.

Chapman, husband and wife, acquired interest in the Subject Property from Keith B. Lawton and

Aleathea M. Lawton, husband and wife, through a Warranty Deed. The Warranty Deed was

recorded with Jackson County, Oregon on September 21, 1973.

11.      On or about June 24, 1980, Richard Dale Chapman conveyed his interest in the

Subject Property to Jeannette A. Fry, formerly Jeannette A. Chapman, through a Bargain and

Sale Deed. The Bargain and Sale Deed was recorded with Jackson County, Oregon on June 27,

1980.

12.      On or about September 28, 2007, Jeannette A. Fry conveyed her interest in the

Subject Property to Jeannette A. Fry and Stephen L. Chapman, through a Warranty Deed-

Survivorship-Statutory Form. The Warranty Deed was recorded with Jackson County, Oregon on

September 28, 2007.

## COUNT ONE: REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST DEFENDANT STEPHEN L. CHAPMAN TO JUDGMENT

13.      The United States incorporates and re-alleges as if fully stated herein each of the

allegations in Paragraphs 1 through 12, above.

14.      A duly authorized delegate of the Secretary of the Treasury made timely

assessments against Defendant Stephen L. Chapman for unpaid federal income taxes (Form

1040), penalties, interest, and other statutory additions as follows:

| Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 29, 2019* |
|---|---|---|---|---|
| 2004 | 07/27/2009 | Additional Tax Assessed | $27,658.00 | |
| | " | Estimated Tax Penalty | $295.00 | |
| | " | Late Filing Penalty | $6,223.05 | |
| | " | Interest | $11,195.53 | |
| | " | Failure to Pay Tax Penalty | $6,914.50 | |
| | " | Estimated Tax Penalty | $497.56 | |
| | 10/17/2016 | Interest | $3,029.19 | |
| | 10/16/2017 | Interest | $961.38 | |
| | 03/26/2018 | Fees and Collection Costs | $30.00 | |
| | 10/15/2018 | Interest | $659.99 | $12,665.69 |
| 2005 | 07/27/2009 | Additional Tax Assessed | $24,472.00 | |
| | " | Estimated Tax Penalty | $306.00 | |
| | " | Late Filing Penalty | $5,506.20 | |
| | " | Interest | $7,381.27 | |
| | " | Failure to Pay Tax Penalty | $4,894.40 | |
| | " | Estimated Tax Penalty | $675.61 | |
| | 04/26/2010 | Failure to Pay Tax Penalty | $1,223.60 | |
| | 10/17/2016 | Interest | $2,132.21 | |
| | 10/16/2017 | Interest | $716.18 | |
| | 10/15/2018 | Interest | $849.47 | $19,761.07 |
| 2006 | 07/27/2009 | Additional Tax Assessed | $23,607.00 | |
| | " | Estimated Tax Penalty | $332.00 | |
| | " | Late Filing Penalty | $5,311.57 | |
| | " | Interest | $4,419.18 | |
| | " | Failure to Pay Tax Penalty | $3,304.98 | |
| | " | Estimated Tax Penalty | $785.11 | |
| | 04/26/2010 | Failure to Pay Tax Penalty | $2,006.59 | |
| | 04/25/2011 | Failure to Pay Tax Penalty | $590.17 | |
| | 10/17/2016 | Interest | $1,831.43 | |
| | 10/16/2017 | Interest | $563.73 | |
| | 10/15/2018 | Interest | $630.43 | $14,665.67 |
| 2007 | 05/17/2010 | Additional Tax Assessed | $23,946.00 | |
| | " | Estimated Tax Penalty | $282.00 | |
| | " | Late Filing Penalty | $5,387.85 | |
| | " | Interest | $3,006.78 | |
| | " | Failure to Pay Tax Penalty | $3,112.98 | |
| | " | Estimated Tax Penalty | $807.83 | |
| | 04/25/2011 | Failure to Pay Tax Penalty | $2,514.33 | |
| | 04/23/2012 | Failure to Pay Tax Penalty | $359.19 | |

|      |            |                          |            |             |
|------|------------|--------------------------|------------|-------------|
|      | 10/17/2016 | Interest                 | $1,510.85  |             |
|      | 10/16/2017 | Interest                 | $507.48    |             |
|      | 10/15/2018 | Interest                 | $601.93    | $14,002.42  |
| 2008 | 02/20/2012 | Tax Assessed             | $6,063.00  |             |
|      | "          | Estimated Tax Penalty    | $194.84    |             |
|      | "          | Late Filing Penalty      | $1,229.17  |             |
|      | "          | Interest                 | $760.85    |             |
|      | "          | Failure to Pay Tax Penalty | $956.02  |             |
|      | 10/17/2016 | Interest                 | $1,343.83  |             |
|      | "          | Failure to Pay Tax Penalty | $409.73  |             |
|      | 10/16/2017 | Interest                 | $421.24    |             |
|      | 10/15/2018 | Interest                 | $499.65    | $11,623.05  |
| 2010 | 04/23/2012 | Tax Assessed             | $2,062.00  |             |
|      | "          | Estimated Tax Penalty    | $28.00     |             |
|      | "          | Late Filing Penalty      | $373.95    |             |
|      | "          | Interest                 | $73.19     |             |
|      | "          | Failure to Pay Tax Penalty | $108.03  |             |
|      | 10/17/2016 | Interest                 | $337.32    |             |
|      | "          | Failure to Pay Tax Penalty | $307.47  |             |
|      | 10/16/2017 | Interest                 | $117.53    |             |
|      | 10/15/2018 | Interest                 | $139.43    | $3,243.10   |
| 2011 | 05/28/2012 | Tax Assessed             | $5,108.00  |             |
|      | "          | Estimated Tax Penalty    | $101.00    |             |
|      | "          | Interest                 | $18.03     |             |
|      | "          | Failure to Pay Tax Penalty | $51.08   |             |
|      | 10/17/2016 | Interest                 | $775.56    |             |
|      | "          | Failure to Pay Tax Penalty | $1,225.92 |             |
|      | 10/16/2017 | Interest                 | $296.07    |             |
|      | 10/15/2018 | Interest                 | $351.17    | $8,169.12   |
| **TOTAL** |       |                          |            | **$84,130.12** |

* As of April 29, 2019, and including accrued but unassessed interest as of this date.

15.     Timely notice stating the amounts and demanding payments of the assessments set forth in Paragraph 14 above, was given to Defendant Stephen L. Chapman, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

16.     Despite timely notice and demands for payment of the tax assessments described in Paragraph 14 above, Defendant Stephen L. Chapman has neglected or refused to make full

(Case No. )                                  5

payment of the assessed amounts to the United States.

17.      Based on accrued interest and other statutory additions as provided by law, as of April 29, 2019, there remains due and owing from Defendant Stephen L. Chapman the sum of $84,130.12 for federal income tax for the taxable years 2004 through 2008, and 2010 through 2011. Additional unassessed interest and other statutory additions as provided by law continue to accrue on these balances.

### COUNT II: FORECLOSE FEDERAL TAX LIENS ON THE SUBJECT PROPERTY

18.      The United States incorporates and re-alleges as if fully stated herein each of the allegations in Paragraphs 1 through 17, above.

19.      Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax liabilities have arisen against and attached to all property and rights to property of Defendant Stephen L. Chapman as of the dates of the assessments described in Paragraph 14 above.  In addition, said liens immediately attached to all after-acquired property or rights to property.

20.      In accordance with 26 U.S.C. § 6323(f), On December 28, 2010, a Notice of Federal Tax Lien was filed with Jackson County, Oregon, against Defendant Stephen L. Chapman for his unpaid federal income tax liabilities for the taxable years 2004 through 2007.

21.      In accordance with 26 U.S.C. § 6323(f), On October 16, 2012, a Notice of Federal Tax Lien was filed with Jackson County, Oregon, against Defendant Stephen L. Chapman for his unpaid federal income tax liabilities for the taxable years 2008 and 2010 through 2011.

22.      The United States seeks to foreclose the federal tax liens described above through sale of the Subject Property.

23.      The tax liens arising from the assessments described in Paragraph 14 above have priority over all interests in the Subject Property acquired after the attachment of the tax liens,

subject to the provisions of 26 U.S.C. § 6323(a). However, to the extent there is any unpaid amount owed to Jackson County, to which 26 U.S.C. § 6323(b)(6) applies, on the date of the Subject Property's sale, such amount shall have priority over the United States' federal tax liens against the Subject Property.

24.     Under 26 U.S.C. § 7403(c) and 28 U.S.C. § 3201, the United States is entitled to enforce its federal tax liens against the Subject Property, which should be sold free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Defendant Stephen L. Chapman in accordance with the law.

WHEREFORE, the Plaintiff, the United States, prays as follows:

A.     That this Court determine and adjudge that Defendant Stephen L. Chapman is indebted to the United States for the assessments described in Paragraph 14, above, in the amount of $84,130.12, as of April 29, 2019, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendant Stephen L. Chapman and in favor of the United States;

B.     That this Court determine and adjudge that the United States has valid federal tax liens against all property and rights to property of Defendant Stephen L. Chapman, including, but not limited to, his interest in the Subject Property;

C.     That the federal tax liens against Defendant Stephen L. Chapman encumbering the Subject Property be foreclosed;

D.     That this Court determine the merits and priority of any claims or interests of the other named defendants in the Subject Property and their respective priority to a distribution of proceeds from a sale of the Subject Property;

E.      That the Subject Property be sold with the proceeds applied to the delinquent federal income tax liabilities of Defendant Stephen L. Chapman; and

F.      That the United States be granted its costs and fees herein, and such other and further relief as this Court deems just and proper.

Respectfully submitted on July 23, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

*Of Counsel:*
BILLY J. WILLIAMS
United States Attorney

*Attorneys for the United States of America*

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rika Valdman, (202) 514-6056
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station, Washington, DC 20044

## DEFENDANTS

Stephen L. Chapman; Jeannette A. Fry; Jackson County

County of Residence of First Listed Defendant    Jackson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☒ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. section 7401, 7403

Brief description of cause:
Reduce to judgment federal tax assessments and foreclose federal tax liens on real property

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  84,130.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
07/23/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Rika Valdman

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) ) ) | |
| _____ | ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                              .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                        .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: